## ROGERS BROWN & CO. v. TINDEL MORRIS CO.

(District Court, E. D. Pennsylvania. March 28, 1921.)

No. 2093.

1. **Pledges** ☞5, 56(1)—**Debtor may pledge own bonds as collateral security for note.**

A debtor may pledge his own mortgage bond as collateral security for a note executed by him, and the pledgee, having the right to receive and hold such a pledge, with the power to sell, has also the right to exercise the power.

2. **Receivers** ☞77(4)—**Receiver of mortgaged property will not restrain sale of mortgage bonds pledged as collateral for debtor's note.**

In receivership proceedings, a creditor of defendant will not be restrained from selling mortgage bonds of the defendant, pledged as collateral security for a note of the defendant, which bonds had never come into the possession and control of the court, which has possession of the property mortgaged, though it is asserted as a result of the sale, if made considerably below the par value of the bonds, the creditor may realize much more than the amount of the note.

In Equity. Suit by Rogers Brown & Co. against the Tindel Morris Company, in which receivers were appointed. On a motion for a restraining order to prevent the sale of bonds of defendant company, pledged by it to Fidelity Trust Company as collateral security for the defendant's note for a smaller amount. Motion denied.

J. B. Colahan, 3d, of Philadelphia, Pa., for receivers.
M. B. Saul, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge. The question involved in this motion is best presented by a contrast of the forecasted result of its allowance or denial. The pregnant facts are that the Fidelity Trust Company holds the defendant's note for $90,000, with the pledge of its mortgage bonds for $110,000 as collateral. If the collateral had not been sold, and the defendant were making payment, the utmost the creditor could lawfully demand or possibly receive would be $90,000. As, however, the court has taken upon itself the duty of making payment (assuming a sufficiency of assets), the asserted possible result of a sale of the collateral is that the $90,000 creditor may receive $310,000. Add the circumstance that the creditor holds other bonds of the same issue, and the possible demand is further expanded.

How can this financial miracle be wrought? The result is, of

course, dependent upon the sum for which the collateral and the mortgaged premises sell. If they sell for only a nominal sum, the result stated is asserted to be possible; if they sell at what is called par, there could be no such result. The court controls the sale of the mortgaged premises. The question is: Should it not exercise like control over the sale of the bonds? If the bonds were not the bonds of the defendant, but of a third party, it is admitted that the courts cannot, or at least should not, interfere. Why make a difference? The result is the same in kind, although (so far as affects the debtor) differing in degree, as in the latter case the limit of what might be received is $200,000, instead of $310,000. This difference in the figures is due to the circumstance that in the one case the chose in action sold is one against a third party; in the other, it is a chose in action against defendant. Does this make a difference in the legal rights of the creditor? The principle is that, having been given the right to sell, he should be permitted to exercise it. This is accorded him in other cases; why not, also, where a chose in action against the debtor is pledged?

[1] The answer to the question involved in this motion is thus seen to be dependent upon the answer to the other question of whether a debtor may pledge one promise to pay as collateral for another, thereby putting it within the asserted possible power of the creditor to double the indebtedness. In its concrete form, applied to the facts of this case, the question is: May a debtor pledge his own mortgage bond as collateral for his debt? The question has been authoritatively answered in the affirmative. Turner v. Metropolitan Trust Co., 207 Fed. 495, 125 C. C. A. 157. Having the right to receive and hold such a pledge, with the power to sell, the right to exercise the power follows. Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136.

[2] The argument that, because the mortgaged premises are in the hands of the court, the bonds cannot be sold, does not meet the point. The principle is wholly different. No court would permit its possession and control of property under its care to be disturbed; but, although the court has possession of the mortgaged premises, it has not of the bonds. The control pivots on the possession. The right and title (other than possession) is the same in the one case as in the other, because it is in each case the ownership subject to the pledge. The mortgagee has the power to sell the mortgaged premises, and, as against the owner, has the legal right to exercise the power. When, however, the court takes possession, it takes control, and as against the court the mortgagee cannot assert his rights.

The extension of the doctrine to every case of pledged property is not, however, even asserted. The courts have restricted its application, making possession the dividing line. Business has adapted its transactions to this line. To draw another between choses in action would be an innovation, and a disturbing one. Were it not for this, the thought that the debtor by duplicating his promise does not double his debt might be followed to its logical conclusion. The cases to which we have been referred, holding that the rights of creditors are fixed as of the date the court took control, or on a declaration of insol-

vency, and that a collateral holder may assert ownership, are of no help to us. Merrill v. Bank, 173 U. S. 171, 19 Sup. Ct. 360, 43 L. Ed. 640; Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136.

We are not concerned with any question of the marshaling of assets, but with the right of the creditor to realize on his collateral. The sum realized may well depend upon the time when sold. The bonds now might sell for enough to pay the pledge. If sold later, they might bring less or more. The effect of a sale, with respect to the rights of the purchaser and of the creditor, as well as of other creditors on final distribution, must be left to await that event.

The motion for a restraining order is denied.